IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CHET MURRY                                                                                    PETITIONER
ADC #088146

V.                                      NO. 5:07cv00106 WRW-JWC

LARRY NORRIS, Director,                                                            RESPONDENT
Arkansas Department of Correction

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

        1.    Why the record made before the Magistrate Judge is inadequate.

        2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

      3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## **RECOMMENDED DISPOSITION**

Chet Murry, an Arkansas Department of Correction (ADC) inmate, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket entry #2). Respondent concedes that Petitioner is in his custody and has exhausted all nonfutile state remedies, *see* 28 U.S.C. §§ 2254(a-c), but asserts that the petition should be denied for other reasons (docket entry #9). Petitioner has replied (docket entry #12). Because Petitioner's claims are procedurally barred, the petition should be denied.

I.
Background

Following entry of a guilty plea in March 2005 in the Circuit Court of Pulaski County, Arkansas, Petitioner was convicted of failing to register as a sex offender and was sentenced as an habitual offender to seventy-two months of imprisonment. (*See* Resp't

Ex. B, ¶ 1.)[1]   By pleading guilty, Petitioner waived his right to a direct appeal under Arkansas law.  Ark. R. App. P.-Crim. 1(a) (2005).

Petitioner then filed in the state circuit court a petition for writ of habeas corpus pursuant to Ark. Code Ann. § 16-112-101 *et seq.*, alleging that his due process rights were violated because (1) he had not been required to register as a sex offender as part of his 1991 sentence from his California conviction for lewd and lascivious acts with a minor, and (2) the state should have brought him to court on the failure-to-register charge while he was incarcerated in the ADC so that his current sentence could have run concurrently with the prison term he was then serving.  His state habeas petition was denied on May 10, 2005.  (*See* Resp't Ex. B, ¶¶ 2-3.)  He filed a notice of appeal on July 14, 2005, and tendered the record, which the Arkansas Supreme Court clerk declined to lodge because the notice of appeal had not been filed in a timely manner.[2]  *See* Ark. R. App. P.-Civ. 4(a) (notice of appeal must be filed within thirty days of entry of order being appealed).

Petitioner next filed in the state circuit court a petition for post-conviction relief pursuant to Ark. R. Crim. P. 37, alleging: (1) prosecutorial misconduct in failing to promptly bring him to trial and in withholding from the trial court information about his prior trial and sentence, which did not require him to register as a sex offender; (2) ineffective assistance of counsel for failing to object to the delay in bringing him to trial and for failing to check the

---

[1]Respondent's exhibits are attached to docket entry #9.  Resp't Ex. B is an order in Petitioner's state post-conviction proceedings, and it summarizes his prior state court proceedings. The judgment and commitment order was submitted as Resp't Ex. A to docket entry #7 in his first § 2254 habeas action, *Murry v. Norris*, E.D. Ark. No. 5:05cv00283.

[2]Letters from the Arkansas Supreme Court advising that the clerk had declined to lodge the record appear as Resp't Ex. 2 and 3 to docket entry #5 in Petitioner's second § 2254 habeas action, *Murry v. Norris*, E.D. Ark. No. 5:06cv00014.

transcript of his prior trial, which showed that registration was not required; and (3) denial of due process because of the delay in bringing him to trial. (Resp't Ex. A.) The state court denied his Rule 37 petition on the merits. *State v. Murry*, No. CR 2004-4537 (Pul. Co. Cir. Ct. Oct. 7, 2005) (Resp't Ex. B). Petitioner filed a notice of appeal and tendered the record, which the Arkansas Supreme Court clerk declined to lodge because the notice of appeal was not timely filed. (*See* Resp't Ex. C.)[3] *See* Ark. R. App. P.-Crim. 2(a)(4) (notice of appeal of Rule 37 denial must be filed within thirty days of entry of order of denial).

On October 6, 2005, before the state circuit court denied the Rule 37 petition, Petitioner filed a federal petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. The Court dismissed the petition without prejudice so that Petitioner could proceed in state court with an appeal of the Rule 37 denial. *Murry v. Norris*, No. 5:05cv00283 (E.D. Ark. Nov. 28, 2005). As stated, Petitioner did not timely perfect that appeal.

Petitioner filed a second federal § 2254 habeas petition, which this Court denied without prejudice so that he could pursue a motion for belated appeal in state court pursuant to Ark. R. App. P.-Crim. 2(e). *Murry v. Norris*, No. 5:06cv00014, 2006 WL 1342809 (E.D. Ark. May 16, 2006). He returned to state court, filing a motion for belated appeal, which the Arkansas Supreme Court denied because Petitioner had not met his burden of demonstrating good cause for his failure to file a timely notice of appeal. *Murry v. State*, No. CR 07-337, 2007 WL 1289416 (Ark. Sup. Ct. May 3, 2007) (Resp't Ex. C).

Petitioner then filed this federal habeas petition, advancing the following claims:

---

[3]The Arkansas Supreme Court's letter advising of the clerk's action appears as Resp't Ex. 1 to docket entry #5 in No. 5:06cv00014.

   1. His conviction was obtained by a guilty plea which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea because his attorney would not allow him to explain to the judge why he failed to register as a sex offender;

   2. His conviction was obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to Petitioner's defense, *i.e.*, the fact that the judge from his 1991 trial in California said "the full extent" of his punishment was six years of imprisonment and did not tell him he was required to register as a sex offender;

   3. The prosecutor was guilty of misconduct for refusing to bring Petitioner to trial promptly;

   4. He was denied the effective assistance of counsel because his attorney came to see him only once in jail, refused to get information to help with his case, refused to get the transcript from Petitioner's prior trial in California or tell the judge about the prior sentence, formed no defense strategy, and advised him against explaining his side of the story; and

   5. The Little Rock police did not have jurisdiction to arrest or detain him and the trial court did not have jurisdiction to convict and sentence him because the California judge told him the full extent of his punishment was six years of imprisonment and did not say anything about registration as a sex offender.

II.
Analysis

Respondent first asserts that all claims are procedurally defaulted because Petitioner failed to properly present them to the state courts, barring federal habeas review. *See Coleman v. Thompson*, 501 U.S. 722 (1991).

Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court, thereby alerting those courts to the federal nature of his claims and giving them an opportunity to pass upon and correct any constitutional errors made there. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see* 28 U.S.C. § 2254(b) & (c) (requiring federal habeas petitioner to pursue all remedies available

in the state courts). A federal habeas petitioner's claims must rely on the "same factual and legal bases" relied on in state court. *Interiano v. Dormire*, 471 F.3d 854, 856 (8th Cir. 2006). Claims in a federal habeas petition that were not presented in state court and for which there is no remaining state court remedy are procedurally defaulted. *Id.* A federal claim is also procedurally defaulted where a state court has declined to review it due to the petitioner's failure to follow applicable state procedural rules in presenting it. *Moore-El v. Luebbers*, 446 F.3d 890, 896 (8th Cir.), *cert. denied*, 127 S. Ct. 673 (2006). A state prisoner is required to properly present his claims through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This means that failure to properly appeal the denial of a post-conviction claim to the highest state court constitutes a procedural default. *Osborne v. Purkett*, 411 F.3d 911, 919 (8th Cir. 2005), *cert. denied*, 547 U.S. 1022 (2006).

Although Petitioner filed two state post-conviction petitions, those petitions did not include all of the claims that Petitioner now asserts. (*See* Resp't Ex. A, B.) Furthermore, Petitioner failed to appeal the denial of either petition in a timely manner, resulting in a further procedural default. Because he failed to comply with the applicable state procedural rules for presenting his claims to all appropriate state courts, all of his claims are procedurally defaulted.

Where a procedural default has occurred, federal habeas review is permitted only if the petitioner can demonstrate (1) cause for the default <u>and</u> actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claims will result in a fundamental miscarriage of justice, that is, that a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent. *Coleman*, 501

U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Where no cause has been demonstrated, the prejudice element of the procedural default analysis need not be addressed. *McCleskey v. Zant*, 499 U.S. 467, 502 (1991).

To excuse his default, Petitioner says he was without counsel, had no knowledge of his rights or the appeal process, and, when he finally learned something about the process, was too late. He says that, when he tried to seek a belated appeal, he "got the runaround so bad that [he] didn't know what to do" and had problems obtaining the necessary documents (docket entries #2 ¶ 11(d), #12). Cause requires a showing of some impediment, external to the defense, preventing a petitioner from complying with a state's procedural rule or from presenting or developing the factual or legal basis of a claim. *Murray*, 477 U.S. at 488-89, 492. Pro se status and unfamiliarity with legal arguments and procedural matters are not sufficiently external to constitute cause excusing a procedural default. *Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir. 1988). Additionally, because there is no constitutional entitlement to counsel in state post-conviction proceedings, the absence or ineffectiveness of counsel in connection with such proceedings cannot constitute cause excusing a procedural default. *Coleman*, 501 U.S. at 752-54, 757; *Interiano*, 471 F.3d at 857. Therefore, Petitioner has not demonstrated cause for his failure to present his current claims to all appropriate state post-conviction courts in a timely and procedurally correct manner.

Petitioner makes no attempt to fit within the demanding actual-innocence exception to the cause-prejudice requirement, which will permit federal habeas review only in the "extraordinary" case. *See Schlup v. Delo*, 513 U.S. 298, 324-31 (1995) (exception requires habeas petitioner to support his allegations of constitutional error with new reliable

evidence not presented at trial, and to show, in light of the new evidence, "that it is more likely than not that 'no reasonable juror' would have convicted him"). Moreover, the narrow exception does not appear applicable, as Petitioner presents no evidence whatsoever of innocence, much less anything new and reliable. *Id.* at 316 ("Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim."); *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir.) (exception requires petitioner "to present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted"), *cert. denied*, 127 S. Ct. 590 (2006); *Osborne*, 411 F.3d at 920 (evidence not "new" if existed at time of trial and could have been discovered earlier if petitioner or counsel had diligently pursued it).

Furthermore, the exception is concerned with claims of factual innocence, as compared to legal innocence. *Calderon v. Thompson*, 523 U.S. 538, 559 (1998). Petitioner admits that he failed to register in Arkansas as a sex offender, but contends that his failure was legally excused because the judge in his prior California trial did not tell him he was required to register and the registration law went into effect after his conviction. This is not a claim of factual innocence.

Because he has not demonstrated cause and prejudice or actual innocence, Petitioner's claims should be dismissed as procedurally barred.[4]

---

[4]The Court need not reach Respondent's alternative argument that this petition is barred by the one-year statute of limitations for federal habeas petitions. *See* 28 U.S.C. § 2244(d); *Day v. McDonough*, 547 U.S. 198, 205 (2006) (statute of limitations defense is not jurisdictional); *Trussell v. Bowersox*, 447 F.3d 588, 590 (8th Cir.), *cert. denied*, 127 S. Ct. 583 (2006) (because statute of limitations is non-jurisdictional, court can proceed to other arguments in interest of judicial economy).

III.
Conclusion

Petitioner's claims are procedurally barred. Therefore, this 28 U.S.C. § 2254 petition for writ of habeas corpus (docket entry #2) should be **denied, dismissing this action in its entirety with prejudice**.

DATED this 7th day of December, 2007.

.

_____
UNITED STATES MAGISTRATE JUDGE